UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

FENTRESS BUSINESS CENTER, LLC; COTTON ENTERPRISES, LLC; REBECA CASH and her husband CHRISTOPHER BOLING; DAWN BURTON; MAUREEN WEBB; SHENIKA DAVIS; and SCCY INDUSTRIES, LLC,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Foremost Property and Casualty Insurance Company ("Foremost"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment, and states the following:

### NATURE OF ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Foremost seeks a declaratory judgment from the Court regarding its duties to defend and duties to indemnify, if any, its insureds, Fentress Business Center LLC ("Fentress") and Cotton Enterprises, LLC ("Cotton") in connection with an underlying lawsuit that is pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida (the "underlying action").

CASE NO. _____

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and all of Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in the United States District Court for the Middle District of Florida because one or more Defendants live in the Middle District of Florida, and the Middle District of Florida is where the events or omissions giving rise to the claims – including the underlying action – have occurred.

**PARTIES**

5. Plaintiff Foremost is a Michigan corporation, incorporated under the laws of the State of Michigan, with its principal place of business in Grand Rapids, Michigan.

6. Defendant Fentress is a Florida limited liability company with its principal place of business in Daytona Beach, Florida. Each member of Fentress is a resident and citizen of the State of Florida.

7. Defendant Cotton is a Florida limited liability company with its principal place of business in Daytona Beach, Florida. Each member of Cotton is a resident and a citizen of Florida.

8. Defendant Rebeca Cash ("Cash") resides in Volusia County, Florida and is a citizen of the State of Florida.

9. Defendant Christopher Bowling ("Bowling") resides in Volusia County, Florida and is a citizen of the State of Florida.

10. Defendant Dawn Burton ("Burton") resides in Volusia County, Florida and is a citizen of the State of Florida.

CASE NO. _____

11. Defendant Maureen Webb ("Webb") resides in Volusia County, Florida and a citizen of the State of Florida.

12. Defendant Shenika Davis ("Davis") resides in Volusia County, Florida and is a citizen of the State of Florida.

13. Cash, Bowling, Burton, Webb and Davis are referred to in this pleading as "Claimants."

14. Defendant SCCY Industries, LLC ("SCCY") is a Florida limited liability company with its principal place of business in Daytona Beach, Florida. Each member of SCCY is a resident and citizen of the State of Florida.

15. On or about January 21, 2016, SCCY entered into a lease agreement for premises, located at 771 Fentress Boulevard, Suite 26, in Daytona Beach, Florida, pursuant to written and signed lease agreement with Fentress (the "lease agreement"). As part of the lease agreement, SCCY agreed to indemnify Fentress against loss, cost and expense arising out of or connected with the use or occupancy of SCCY's premises. In addition, as part of the lease agreement, SCCY agreed to procure certain insurances and to name Fentress and Cotton as additional insureds on those policies.

## GENERAL ALLEGATIONS
## THE FOREMOST POLICY

16. Foremost entered into a contract for insurance with Fentress as its named insured, policy number PAS 36086040, in effect from of March 10, 2016 to March 10, 2017 (the "Policy"). A copy of the Policy is attached as **Exhibit A.**

17. The commercial general liability coverage part of the Policy contains the following pertinent provisions:

CASE NO. _____

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    \*   \*   \*

2. **Exclusions**

    This insurance does not apply to:

    \*   \*   \*

    f.  **Pollution**

        (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

            (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. …

    \*   \*   \*

**SECTION V – DEFINITIONS**

\*   \*   \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

\*   \*   \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

CASE NO. _____

\* \* \*

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

18. The commercial umbrella coverage part of the Policy contains the following pertinent provisions:

**SECTION 1. INSURING AGREEMENTS**

1.01 **Coverage**

A) We will pay on behalf of the insured those sums in excess of the "retained limit" which the insured becomes legally obligated to pay as damages for:

1) "Bodily injury" or "property damage" occurring during the POLICY PERIOD stated on the DECLARATIONS PAGE and caused by an "occurrence";

\* \* \*

B) No other obligation or liability to pay sums or perform any act or service is covered unless explicitly provided for under Item 1.02, Defense, Settlement and Supplementary Payments.

\* \* \*

**SECTION 2. EXCLUSIONS**

This insurance does not apply to:

2.13 **Pollution**

A) "Bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

1) At or from any premises, site or location which is or was at any time owned or occupied by or rented or loaned to, any insured;

CASE NO. _____

\* \* \*

**SECTION 5. DEFINITIONS**

\* \* \*

5.03  **Bodily Injury**

"Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

\* \* \*

5.12  **Occurrence**

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

All damages that arise from continuous or repeated exposure to substantially the same general harmful conditions are considered to arise from one "occurrence".

\* \* \*

5.14  **Pollutants**

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

**THE UNDERLYING ACTION**

19. On or about June 3, 2020, Claimants filed a Complaint (the "Complaint") in the Circuit Court of the Seventh Juridical Circuit in and for Volusia County, Florida, bearing case number 2020-30754-CICI, which is described herein as the "underlying action." A copy of the Complaint is attached as Exhibit **B**.

CASE NO. _____

20. In general, the Complaint alleges that the Claimants each suffered damages as a result of exposure to harmful and noxious fumes from SCCY's gun manufacturing processes at the Fentress Business Center, which involves the use of chemical solvents and other processes that cause toxic and harmful vapors to permeate the area daily

21. Claimants and SCCY all worked at Fentress Business Center in Daytona Beach, Florida, which is owned by Fentress and operated by Cotton.

22. Claimants allege that Fentress did not have a proper or sufficient ventilation system to support SCCY's gun manufacturing processes, because both SCCY and Claimants' employer were under the same roof and ventilation system.

23. Because of noxious fumes spreading from SCCY throughout the Fentress Business Center, the Claimants allege that they became ill and were forced to evacuate their office. Claimants allege that they continue to experience and complain of health issues including breathing problems and shortness of breath.

24. The Complaint seeks compensatory damages through four (4) causes of action against Fentress and/or Cotton including: (i) Count I – Negligence against Fentress; (ii) Count II – Boling's Consortium Claim against Fentress; (iii) Count V – Negligence against Cotton; and (iv) Boiling's Consortium Claim against Cotton.

**REQUEST FOR DECLARATORY RELIEF**

25. Foremost is currently defending Fentress and Cotton in the underlying action, subject to a full and complete reservation of rights.

26. Foremost seeks a declaration that it has no duty to defend, and therefore no duty to indemnify, Fentress and Cotton for the damages alleged in the underlying action pursuant to the pollution exclusion contained in both the commercial general liability coverage part and

CASE NO. _____

commercial umbrella part of the Policy.

## COUNT – DECLARATORY RELIEF
## POLLUTION EXCLUSION (COMMERCIAL GENERAL LIABILITY PART)

27. Foremost re-alleges and re-avers Paragraphs 1 through 26 above as if fully set forth herein.

28. Pursuant to the pollution exclusion contained in the commercial general liability coverage part of the Policy, there is no coverage for "bodily injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

29. In the Complaint, Claimants allege that they sustained "bodily injury" due to exposure to toxic, noxious, harmful fumes from the Fentress Business Center, which is owned by Fentress and operated by Cotton.

30. Foremost believes that the pollution exclusion from the commercial general liability coverage part of the Policy precludes coverage – including a defense – based on the claims asserted in the underlying action.

31. There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Foremost.

32. The rights and obligations of Foremost under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

33. Foremost and each of the Respondents have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Foremost respectfully requests that this Honorable Court declare that Foremost has no duty to defend or indemnify any party in connection with the underlying action.

CASE NO. _____

**COUNT II – DECLARATORY RELIEF**
**POLLUTION EXCLUSION (COMMERCIAL UMBRELLA PART)**

34. Foremost re-alleges and re-avers Paragraphs 1 through 33 above as if fully set forth herein.

35. Pursuant to the pollution exclusion contained in the commercial umbrella coverage part of the Policy, there is no coverage for "bodily injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at or from any premises, site or location which is or was at any time owned or occupied by or rented or loaned to, any insured.

36. According to the Complaint, Claimants allege that they sustained "bodily injury" due to exposure to toxic, noxious, harmful fumes from the Fentress Business Center, which is owned by Fentress and operated by Cotton.

37. Foremost believes that the pollution exclusion from the commercial umbrella coverage part of the Policy precludes coverage – including a defense – based on the claims asserted in the underlying action.

38. There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Foremost.

39. The rights and obligations of Foremost under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

40. Foremost and each of the Respondents have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Foremost respectfully requests that this Honorable Court declare that Foremost has no duty to defend or indemnify any party in connection with the underlying action.

CASE NO. _____

# COUNT III – DECLARATORY RELIEF
## SCCY INDUSTRIES DOES NOT QUALIFY AS AN INSURED UNDER THE POLICY

41. Foremost re-alleges and re-avers Paragraphs 1 through 26 above, as if fully set forth herein.

42. Fentress and SCCY entered into the lease agreement for SCCY's lease of premises at the Fentress Business Center in Daytona Beach, Florida.

43. Claimants are suing SCCY in the underlying action for damages caused by SCCY's gun manufacturing processes – which spread harmful and noxious fumes throughout Fentress Business Center.

44. Foremost does not believe that SCCY qualifies as an insured under the Policy and/or if SCCY qualified as an insured, the pollution exclusions contained in the commercial general liability coverage part and commercial umbrella coverage part of the Policy would preclude coverage.

45. There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Foremost.

46. The rights and obligations of Foremost under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

47. Foremost and each of the Respondents have an actual, present controversy in the subject matter described herein.

**WHEREFORE**, Foremost respectfully requests that this Honorable Court declare that Foremost has no duty to defend or indemnify any party in connection with the underlying action.

CASE NO. _____

Dated: May 3, 2022
West Palm Beach, Florida

Respectfully Submitted,

**GOLDBERG SEGALLA LLP**

By: */s/ Dustin C. Blumenthal*
Dustin C. Blumenthal, Esq.
Florida Bar No. 083799
E-mail: dblumenthal@goldbergsegalla.com

500 S. Australian Avenue, Suite 1000
West Palm Beach, Florida 33401
Tel: (561) 618-4485
Fax: (561) 618-4549

*Counsel to Foremost Property and Casualty Insurance Company*